[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Invitrogen Corporation, moves to dismiss or stay the proceedings in this declaratory judgment action brought by the plaintiff, Employer's Insurance Company of Wausau, to determine whether the plaintiff has any duty to defend or indenmify the defendant regarding eighteen sites which pose potential liability for the defendant for environmental contamination. The bases for this motion are that another action between the parties, brought in Arizona, deals with the identical CT Page 9317 issues as to one site in Phoenix and that the issue with respect to the remaining seventeen locations of possible pollution responsibility lacks justiciability because the defendant has never asserted a claim against the plaintiff for coverage.
Invitrogen is the successor to Dexter Corporation which held a subsidiary, Mogul Corporation, that operated a water treatment plant in Phoenix from 1962 to 1992. Dexter was a defendant in several actions in Arizona concerning contamination allegedly caused by that operation. These suits were eventually resolved by settlement in Arizona. Based on the plaintiff's refusal to provide the defendant with a defense arid indemnification, the defendant filed an action in Arizona in January 2002 seeking a declaratory judgment and damages regarding the plaintiff's obligations to the defendant and a breach thereof. The Arizona court has already scheduled hearings and promulgated scheduling orders in that case. On February 13, 2002, the plaintiff commenced the action before this court.
As to the seventeen other sites, the defendant or its predecessors have at various times since 1990 notified the plaintiff in writing that the defendant might be exposed to a claim of responsibility for pollution in the future. The plaintiff desires a judicial determination as to its obligations, if any, to the defendant under the pertinent insurance contracts.
Except for the Phoenix matter, which dispute has generated litigation, no pending claims presently have been lodged by anyone against the defendant arising from the seventeen other locations. The defendant contends that, in the absence of such claims, the present action in Connecticut is unripe for adjudication. The court disagrees.
Practice Book § 17-54 states that the court must "render declaratory judgments as to the existence or nonexistence (1) of any right, power, privilege or immunity; or (2) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future." (emphasis added). Practice Book § 17-55 adds that declaratory judgment actions can only be maintained if:
 "(1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations;
(2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which CT Page 9318 requires settlement between the parties."
Our declaratory judgment scheme appears aimed at providing resolution for precisely the kind of claim made by the plaintiff in this case. It is clear that a genuine dispute has arisen between the insured and insurer over coverage obligations under the insurance agreements as evidenced by the Arizona litigation which the defendant initiated. The Practice Book provisions speak of adjudicating substantial "uncertainty" as well as active complaints.
While courts must avoid advising on purely hypothetical cases, the circumstance that a right, power, privilege, or immunity may hinge on a future contingency fails to deprive the court of the authority and mandate to decide bona fide disputes between the parties. Maloney v.PCRE, 68 Conn. App. 727, 752 (2002). Declaratory judgments are "highly remedial," and the rules surrounding such actions ought to be construed liberally to carry out the purpose of the proceedings. Sigal v. Wise,114 Conn. 297, 301 (1932). An important purpose "is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights." Id. (emphasis added). To effectuate this goal fully, "it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening." Id. 302.
Consequently, the absence of pending claims against the defendant as to the seventeen locations is insufficient cause to dismiss or delay this case. Dexter notified the plaintiff of these potential claims at specified sites and actually sued the plaintiff in Arizona over the defendant's refusal to defend and indemnify under the insurance agreements. These circumstances compel the court to retain jurisdiction and determine the matter.
Regarding the pending Arizona action, it is unclear at this juncture whether that matter will conclude before this one, what states' laws will control, and whether res judicata will apply. For now, the plaintiff is entitled to have its claims heard and decided in a timely fashion in this court.
The motion to dismiss or stay proceedings is denied.
Sferrazza, J. CT Page 9319